IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. MICHAELREE and <br> JAIME L. MICHAELREE <br>     Plaintiffs, <br> <br>     v. <br> <br> MILLSAP & SINGER, P.C. AS <br> TRUSTREES ON BEHALF OF BANK OF <br> AMERICA, NA; BANK OF AMERICA, <br> NA; and FANNIE MAE (FEDERAL <br> NATIONAL MORTGAGE ASSN.) <br> <br> <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 10-1172-CV-W-HFS |

**ORDER**

Before the court is the motion to dismiss filed by defendants, Bank of America, NA "BOA" and Federal National Mortgage Association "Fannie Mae."[1] Defendants contend that dismissal is proper under Fed.R.Civ.P. 12(b)(6) due to plaintiffs' failure to plead claims upon which relief can be granted. On October 15, 2010, plaintiffs filed their complaint in the Circuit Court of Cass County, Missouri. In their petition, plaintiffs asserted claims for, among other things, declaratory and injunctive relief as it pertains to a trustee's sale of their primary residence. Plaintiffs have also filed suit against defendant Millsap & Singer, P.C., as the successor trustee on behalf of BOA.[2] On

---

[1] However, upon information and belief, defendants note that Fannie Mae was not served in the state court action, however, for purposes of removal, Fannie Mae acknowledges service of the petition and summons as of the date of removal to this court, and has tendered its defense to BOA. (Notice of Removal: ¶ 4).

[2] Defendant, Millsap & Singer P.C. as Trustees on behalf of BOA, has not joined in the motion. Upon information and belief, this defendant was served on October 26, 2010, but the Circuit Court of Cass County, Missouri could not locate a copy of the return of service. (Notice of Removal: ¶ 2).

November 24, 2010, pursuant to 28 U.S.C. § 1441(b), defendants removed the case to this court claiming federal question jurisdiction under 28 U.S.C. § 1331due to plaintiffs' suit against Fannie Mae. Alternatively, defendants claim that removal is appropriate under 28 U.S.C. § 1441(a) because of complete diversity of the parties and an amount in controversy greater than $75,000 pursuant to 28 U.S.C. § 1332(a).

Factual Background

Plaintiffs state that on or about March 14, 2001, they executed a note in the amount of $91,180.00 and a Deed of Trust in favor of BOA. (Petition: ¶¶ 7-8, Exh A). By letter dated June 29, 2010, BOA advised plaintiffs that their account remained "seriously delinquent" and directed plaintiffs to pay the total amount due immediately. (Id: Exh. A, pg. 28). Plaintiffs were cautioned that in the event BOA did not hear from them, appropriate action would occur, including the possible return of payments in amounts less than the total amount due. (Id). A Home Loan Summary as of June 29, 2010, indicated that a payment in the amount of $909.74 was due by July 1, 2010; a past due payment amount of $2,442.05, and a partial payment balance of $45.80. (Id). In response, plaintiffs state that they called the toll free number listed on the summary and spoke with a representative identified as "Eric" who indicated that the plaintiffs were approved for a loan modification and new payment arrangements; based on this, plaintiffs state that they submitted a payment to BOA in the amount of $500.00. (Id: ¶¶ 9-10).

On July 26, 2010, Millsap & Singer as trustee, mailed a Notice of Trustee Sale to plaintiffs indicating that since the mortgage payments were more than one month in arrears a default occurred. (Id: ¶ 11, Exh. 3). By mailing dated July 30, 2010, BOA advised plaintiffs that due to the past due payments the loan was referred to the Foreclosure Review Committee, and listed various options that

might be available to plaintiffs to avoid foreclosure; a foreclosure sale was scheduled for August 18, 2010. (Id: ¶ 12, Exh. 4). Plaintiffs contacted BOA and by letter dated August 9, 2010, BOA acknowledged receipt of plaintiffs' documentation which commenced the review process, and advised plaintiffs to continue making the monthly payments . (Id: ¶ 13, Exh. 5).

On August 18, 2010, the trustee sale occurred, and by notice dated August 20, 2010, plaintiffs were notified that their residence was now the property of Fannie Mae, and as occupants of the property, plaintiffs were advised of various options and provided the name and phone contact of the listed agent. (Id: ¶ 14, Exh. 6).

In Count I of the complaint, plaintiffs seek a declaration of their rights and status pursuant to R.S.Mo. § 527.010. Plaintiffs claim that BOA and Millsap failed to provide required notice that would have allowed plaintiffs to accelerate the promissory note and sell the property. (Petition: ¶ 29). Plaintiffs also claim that they were not provided notice of default and opportunity to cure in conformity with R.S.Mo. §§ 408.554 and 408.555. (Id: ¶ 30). In Count II, plaintiffs request injunctive relief to halt the foreclosure and eviction related proceedings.

## Discussion

Preliminary Injunction

As a preliminary matter, it is noted that the foreclosure sale occurred on August 18, 2010, thus, the injunctive relief sought in Count II of the petition as it pertains to this allegation is moot. The unlawful detainer action pending in Cass County was scheduled for January 24, 2011. While it is unclear whether the eviction proceeding took place as planned, federal law prohibits this court from granting the injunctive relief plaintiffs request. McCauley v. Ocwen Federal Bank, FSB. 2010 WL 760438 *2 (D.Minn.). The Anti-Injunction Act 28 U.S.C. § 2283 prohibits federal courts from enjoining state court proceedings, except in very limited circumstances. Id. at *3. The Act states that

"[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by an act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment." Id. The Act has been interpreted as "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of these three specifically defined exceptions. Id. (Internal quotation and citation omitted).

Plaintiffs have not identified an act of Congress that would permit the issuance of injunctive relief, and there is no federal court judgment to protect or effectuate. Id.; citing, Krey Packing Co. v. Hamilton, 572 F.2d 1280, 1282 (8th Cir. 1978) (since a federal court has not previously adjudicated this matter, the "relitigation" exception, related to "protecting" and "effectuating" the court's judgment, is not applicable). In the event, the detainer proceeding has taken place and resulted in an unfavorable decision for plaintiffs, they are free to seek vindication of their federal right in state appellate courts and ultimately, if necessary, in the Supreme Court. Id, at *4. Thus, defendants' motion to dismiss Count II of the petition is granted.

Standard of Review on Motion to Dismiss

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, all facts alleged in the complaint are taken as true, and the pleadings are construed in a light most favorable to the nonmoving party. McCauley v. Ocwen Federal Bank, FSB, 2010 WL 760438 * 4 (D.Minn.). However, the complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id; citing, Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); quoting, Bell Atl. Corp. v. Twombly, 550 U.S. 522 (2007). To avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore, must be dismissed. Id.

Declaratory Judgment

In Count I of the petition, plaintiffs claim a justiciable controversy exists as it relates to the foreclosure sale of their property and seek a declaration of their rights. (Petition: ¶¶ 22, 26-27). Plaintiffs claim that defendants failed to provide the required notices which would have allowed them to accelerate the promissory note and sell the property. (Id: ¶ 29). Plaintiffs also claim that notice of default and opportunity to cure was not provided pursuant to R.S.Mo. §§ 408.554 and 408.555. (Id: ¶ 30).

To state a cause of action for declaratory judgment, a petition must allege: (1) a justiciable controversy which presents a real, substantial, presently-existing dispute as to which specific relief is sought; (2) a legally protected interest; (3) that the question presented is ripe for judicial determination; and (4) that the pleader has no adequate remedy at law. Jackson County Board of Election Commissioners v. City of Lee's Summit, 277 S.W.3d 740, 744 (Mo.App. W.D. 2008).

However, before deciding whether to grant declaratory relief, courts have an independent obligation to determine whether a case presents "a real, substantial, presently-existing controversy," or is instead moot. Id, at 744. A moot case raises the issue of justiciability, and therefore courts may dismiss it *sua sponte*. Id. Based on the pleadings now before this court, it would appear that the issue of declaratory relief is moot, and it is well-settled in Missouri that courts do not determine moot cases. A case is moot if the decision would have "no practical effect upon an existent controversy." Id (internal citation omitted). When an event occurs that makes a court's decision unnecessary or

makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed. Id. Here, the foreclosure sale has occurred, but the record is silent as to whether plaintiffs exercised their right of redemption or whether the unlawful detainer action scheduled for January 24, 2011, has taken place, and what, if any, decision was made. Thus, a decision by this court would be based on speculation and assumption which is not conducive for the effective resolution of matters in dispute.

Even if a plausible contention for dismissal of this declaratory judgment action may be conceded, for procedural reasons, the factual allegations, taken as true for present purposes, would suggest some right to relief.[3] Plaintiffs' briefing recites an intention to seek an amendment asserting a wrongful foreclosure count. Doc. 8, p. 2. This may better focus the claims and defenses. Summary judgment practice may also be useful in permitting a result based on undisputed material facts.[4]

Accordingly, it is hereby

ORDERED that defendants' motion to dismiss (ECF doc. 4) is GRANTED in part and DENIED in part, consistent with this opinion.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March  2 , 2011

Kansas City, Missouri

---

[3] The court has been made aware, by other judges, of instances of internally inconsistent creditor activity, apparently resulting from information that is not fully known by all branches of the creditor organization.

[4] I do not, of course, discourage resolution of the controversy over State law issues in State Court, to which deference is suggested by the Anti-Injunction Act - - or by a negotiated settlement.